## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

JOHN GOODING                                                                                    PLAINTIFF

v.                                                                          CAUSE NO. 1:15CV20-LG-RHW

CAROLYN COLVIN, Acting Commissioner
of the Social Security Administration                                                     DEFENDANT

### MEMORANDUM OPINION AND ORDER
### ADOPTING REPORT AND RECOMMENDATION
### AND DISMISSING APPEAL

BEFORE THE COURT is the Memorandum and Recommendation [21] of

United States Magistrate Judge Robert H. Walker entered in this cause on January

26, 2016.  Magistrate Judge Walker recommends that the Court affirm the decision of

the Commissioner to deny Plaintiff Gooding's application for disability benefits.

Gooding has filed an objection to the Recommendation, and the Commissioner filed a

response.  After a thorough review of the administrative record, the pleadings

submitted by the parties, and the applicable law, the Court adopts the Report and

Recommendation and affirms the decision of the Commissioner.

### BACKGROUND

John Gooding filed an application for Social Security disability benefits in 2012,

alleging he became disabled on November 22, 2010 at the age of forty-seven from the

effects of seizure disorder, lung disease, respiratory problems, kidney stones, and

tumors on his tongue.  His claim was conclusively denied by the Commission on

November 20, 2014, and he now has appealed that decision.

Gooding worked as a carpenter before becoming disabled by frequent seizures

and a lung disorder which he appears to link to the BP oil spill.  He began seeking medical care for his condition in February 2011, when he was seen by Dr. Michael Robichauex for pain in the lungs and throughout the body, and episodes of semi-consciousness.  Dr. Robichauex treated Gooding for three years on a pro bono basis, but did not keep any medical records.  Gooding also saw Dr. Beaucoudray, a neurologist, five times beginning on October 11, 2011.  Dr. Beaucoudray diagnosed Gooding with a seizure disorder, although he noted the lack of any documented seizure events.

A vocational expert testified that Gooding could no longer work in his previous occupations, but he could perform work with certain limitations.  The VE identified work as a cafeteria attendant, mail clerk and bench assembler as jobs available in the national economy that Gooding could perform.

## STANDARD OF REVIEW

In an appeal from a decision by the Commissioner, the Court's review is limited to (1) whether the Commissioner applied the proper legal standard; and (2) whether the Commissioner's decision is supported by substantial evidence.       *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002).

> Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance.  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision.  In applying this standard, we may not re-weigh the evidence or substitute our judgment for that of the Commissioner.

*Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (quoting *Harris v. Apfel*, 209 F.3d 413,

417 (5th Cir. 2000)).  It is for the Commissioner to weigh the evidence and to resolve

any conflicts.  *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992).  If supported by

substantial evidence, the Commissioner's findings are conclusive and must be

affirmed.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

The Court referred the case to the Magistrate Judge for a report and

recommendation.  28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  Any party adversely

affected by the recommendation issued may file written objections within fourteen (14)

days of being served with the report and recommendation. 28 U.S.C. § 636(b)(1); Fed.

R. Civ. P. 72(b).  A party that files a timely objection is entitled to a *de novo*

determination of those portions of the report or specified proposed findings or

recommendations to which specific objection is made. *United States v. Raddatz*, 447

U.S. 667, 673 (1980).  The objections must specifically identify those findings or

recommendations to which objections are being made.  The district court need not

consider frivolous, conclusive, or general objections.  *Battle v. U.S. Parole Comm'n*,

834 F.2d 419, 421 (5th Cir. 1987).  Moreover, where the objections are repetitive of the

arguments already made to the Magistrate Judge, a *de novo* review is unwarranted.

*Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).  Instead, the report and

recommendation is reviewed by the district judge for clear error.  *Diamond v. Colonial

Life & Acc. Ins. Co.*, 416 F.3d 310, 315-16 (4th Cir. 2005); *see also Camardo v. Gen.

Motors Hourly Rate Emp.'s Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("It is

improper for an objecting party to . . . submit[ ] papers to a district court which are

nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a second bite at the apple when they file objections to a R & R."). A court is not required to make new findings of fact independent of those made by the Magistrate Judge. *Warren v. Miles*, 230 F.3d 688, 694-95 (5th Cir. 2000). Nor is a court required to reiterate the findings and conclusions of the Magistrate Judge. *Koetting*, 995 F.2d at 40.

ANALYSIS

**1. The Commissioner's Review**

In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether "(1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007) (citing *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987)). If, at any step, the claimant is determined to be disabled or not disabled, the inquiry ends. *Id.* at 448 (citing *Lovelace*, 813 F.2d at 58). The burden of establishing disability rests with the claimant for the first four steps and then shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant is able to perform. *Id.*

-4-

Here, with respect to the first step, the ALJ found that Gooding had not engaged in substantial gainful activity from the alleged onset date of November 22, 2010 through his date last insured of September 30, 2011.  With respect to the second step, the ALJ found that Gooding suffers from severe impairments, i.e., a seizure disorder, a lung disorder, and an organic mental disorder.  Because these impairments do not meet or equal, either singly or in combination, one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, the ALJ determined Gooding's residual functional capacity (RFC).  He concluded that Gooding could perform simple, unskilled work.  Based on this finding, the ALJ concluded at the fourth step that Gooding could not perform his past relevant work as a carpenter, but there were jobs existing in significant numbers in the national economy that he could perform.  The ALJ accordingly found that Gooding was not under a "disability" as defined in the Social Security Act and accompanying regulations during the relevant time period.

## 2.  The Appeal

Gooding presented four points of appeal.  He contended that the Commission erred by (1) failing to address Neurological Listing 11.14; (2) failing to give proper weight to the opinions of consulting examiner Dr. Morgan and treating physician Dr. Robichaux; (3) failing to provide valid basis for rejecting a finding of disability under Neurological Listing 11.02; and (4) failing to order audiometry and caloric or other vestibular testing to develop the record.

Magistrate Judge Walker set out the relevant facts of this case and legal standards.  Judge Walker determined that substantial evidence, in accord with the

relevant legal standards, supports the ALJ's decisions.  Magistrate Judge Walker

therefore recommends that the decision of the Commissioner be affirmed.

### 3. The Objections

Gooding brings three objections to Magistrate Judge Walker's findings and

conclusions, but they are simply restatements of points of appeal one, two and four

above.  Gooding essentially objects to the Magistrate Judge's failure to correct the

ALJ's alleged errors.  By making these objections, Gooding seeks reconsideration of

arguments he made to the Magistrate Judge, making *de novo* review unwarranted.

*Koetting*, 995 F.2d at 40.  The Court will review the Report and Recommendation for

clear error, briefly discussing each of Gooding's objections.

*Listings 2.07 and 11.14*

Gooding asserts that the ALJ "utterly fails to address the findings of Dr.

Robichauex and treating physician Steve Morris M.D. that plaintiff's condition meets

the criteria of Listing 11.14."  (Pl. Obj. 2, ECF No. 23).  Plaintiff objects that the ALJ

did not mention Listing 11.14  in his decision.  Plaintiff also faults the ALJ for failing

to order certain tests that would have developed Gooding's claim for disability under

Listing 2.07, because the opinion of Dr. Robichauex indicated that Gooding met all the

criteria of that Listing.

The Magistrate Judge noted that the ALJ was not required to accept the

opinion of a treating physician, "nor was he obliged to consider limitations

unsupported by the record - particularly in the complete absence of any treatment

records of the opining doctor." (R&R 13, ECF No. 21); *see Perez v. Barnhart*, 415 F.3d

-6-

457, 466 (5th Cir. 2005).  The ALJ stated why he gave little weight to Dr. Robichauex's

opinions – the doctor "provided a number of severely limiting opinions, but no

objective findings or treatment notes upon which these were based." (Decision 9, ECF

No. 12).  Additionally, the ALJ gave little weight to Dr. Morris' opinion because it "was

offered almost two years after the claimant's date last insured and there is no

evidence that these limitations were present at that time."  (*Id.*).  As the ALJ gave

proper reasons for discounting opinions of Drs. Robichauex and Morris that might

otherwise have required consideration of a Listing, there was no error resulting from

the ALJ's failure to mention Listing 11.14 or develop the data regarding Listing 2.07.

*Gooding's Residual Functional Capacity*

Gooding contends that the Magistrate Judge improperly concluded that the

ALJ could rely on the findings of non-examining, non-treating physicians in

formulating Gooding's RFC.  Gooding argues that the ALJ should have relied on the

findings and opinions of two treating physicians – Dr. Robichauex and Dr. Morgan.

The ALJ's reasons for giving little weight to Dr. Robichauex's opinions are

noted above.  Additionally, the ALJ stated that "while [Dr. Robichauex's] opinions

noted documented seizure activity, the claimant's treating neurologist [Dr.

Beaucoudray] disagreed and noted that he had no documented seizures." (Decision 9,

ECF No. 12).  The ALJ properly give little weight to Dr. Robichauex's opinion; it was

not only unsupported by evidence, but it was also controverted by evidence from Dr.

Beaucoudray.  *See Hamilton-Provost v. Colvin*, 605 F. App'x 233, 240 (5th Cir. 2015).

Dr. Morgan was a consultive examiner whose opinion the ALJ gave less than

significant weight.  The ALJ stated that the limitations noted by Dr. Morgan were based on spinal concerns, but "the claimant's treatment record during the relevant time period makes infrequent mention of spinal concerns and the claimant failed to raise any significant back concerns at hearing.  Finally, no imaging of significant spinal abnormalities appear to be present from the relevant time period." (Decision 9, ECF No. 12).  As the Magistrate Judge concluded, the ALJ gave proper reasons for discounting the weight of Dr. Morgan's opinion in regard to Gooding's limitations.  The ALJ was not required to adopt all of Dr. Morgan's opinion solely because he found it should be given some weight.  *See Wilkinson v. Comm'r Soc. Sec.*, 558 F. App'x 254, 256 (3d Cir. 2014).

CONCLUSION

For the reasons stated above, the Court finds that the objections to the Magistrate Judge's Report and Recommendation should be overruled.  The Report and Recommendation will be adopted as the findings of this Court.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Report and Recommendation [21] entered by United States Magistrate Judge Robert H. Walker on January 26, 2016, is **ADOPTED** as the findings and conclusions of this Court.  This case is **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 18th day of February, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE